DAVIS, Respondent, v. BEATTY, Appellant.

(233 N. W. 277.)

(File No. 6534.    Opinion filed December 5, 1930.)

J. E. Tipton and A. J. Cassidy, both of Lake Andes, for Appellant.

John W. Addie, of Armour, for Respondent.

POLLEY, J.   This action was brought for the recovery of a balance plaintiff claims to be due to him for the sale of a farm implement business, together with certain farm implements, repairs, and extra parts, situated at Corsica. Defendant admits the sale, and that he received the implements, repairs, and extra parts, but as a defense alleges that the sale was to include the good will of the business, and that defendant agreed not to re-engage in the implement business in Corsica; that plaintiff refused to transfer the good will of the business, and that he had re-engaged in the implement business in Corsica; but did not allege or offer to prove

that he had been damaged by the failure of plaintiff to perform his contract. The case was tried to the court without a jury and the court made the following findings of fact:

"That on or about May 1, 1925 at Corsica, South Dakota, the plaintiff sold and delivered to the defendant a Farm Implement Business and certain goods, wares and merchandise consisting of farm machinery, implements and repairs for the same, including the good will of the business for which defendant agreed to pay plaintiff the sum of $1,000.00 and in addition thereto the defendant agreed to pay the plaintiff for said business, machinery, implements and repairs the value of the same, the value to be determined by an inventory to be thereafter made; that all of the negotiations relating to the transaction were oral.

That the inventory of the farm implements showed them to be of the value of $3451.95.

"That it was agreed between the plaintiff and defendant that the agent of the International Harvester Company should make the inventory of the repairs and parts; the said agent inventoried the said repairs and parts and said inventory showed them to be of the value of $1522.30; that the defendant objected to the correctness of two items in the said inventory and it is conceded by the plaintiff that said items amounting to $35.50 may be deducted from said inventory, making the amount of the inventory of said repairs and parts $1486.80.

"That the total price of the business and goods as determined after the inventory of the repairs and parts was as follows:

Agreed price for business and good will................$1000.
Value of Farm Implements ........................ 3451.95
Repairs and parts as inventoried ..................... 1486.80
                                                      ─────────
    Total ........................................$5938.75

"That it was agreed between the plaintiff and defendant that the defendant would, as a part of the purchase price of said business and goods, assume and pay certain indebtedness which existed against said goods in the form of notes payable to the International Harvester Company in the sum of $1545.95.

"That the defendant has made the following payments upon said business and goods:

Checks of defendant to plaintiff.........................$2906.00
Notes assumed by the defendant .......................... 1545.95

      Total paid on purchase price...................$4451.95

"That the amount still due and owing to the plaintiff from the defendant on account of said transaction is as follows:

Total agreed price ...................................$5938.75
Total payments as hereinbefore set forth ............... 4451.95

      Balance due to the plaintiff from the defendant..$1486.80

"That there is due from the defendant to the plaintiff on the transaction set forth in the pleadings the sum of $1486.80 with interest thereon at 7% from May 3, 1925 besides the costs of this action.

"That the plaintiff has not reengaged in the Farm Implement Business in the City of Corsica, South Dakota, since the sale of said business and implements to the defendant; that in the oral negotiations leading up to the transaction the plaintiff reserved the right to sell one cultivator, but instead of one cultivator the plaintiff thereafter sold two cultivators."

We believe these findings are fully sustained by the evidence, and that the judgment is fully warranted by the findings. Indeed we find no merit in the appeal.

The judgment appealed from is affirmed.

BROWN, P. J., and SHERWOOD and BURCH, JJ., concur.
CAMPBELL, J., concurs in the result.